UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON BANKS,

        Petitioner,

v.                                     CASE NO. 13-12938
                                       HON. JOHN CORBETT O'MEARA
ANTHONY M. WICKERSHAM,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR A STAY
AND DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE**

**I. BACKGROUND**

Petitioner Myron Banks recently filed a petition for the writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 and a motion to stay these proceedings. The habeas petition challenges Petitioner's 2011 plea-based conviction and sentence of 120 days in jail for arson in a dwelling house. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *see People v. Banks*, No. 306929 (Mich. Ct. App. Dec. 28, 2011), and on July 24, 2012, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Banks*, 492 Mich. 856; 817 N.W.2d 66 (2012). On December 26, 2012, the Michigan Supreme Court denied reconsideration. *See People v. Banks*, 493 Mich. 922; 823 N.W.2d 573 (2012). Petitioner's conviction became final ninety days later on March 26, 2013, when the time expired for seeking a writ of certiorari in the United States Supreme Court. *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

Meanwhile, on January 4, 2013, Petitioner filed a motion for relief from judgment in the trial court. *See People v. Banks*, No. 2010-000721 (Macomb Cnty. Cir. Ct. Jan. 4, 2013). The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal because Petitioner failed to establish entitlement to relief under Michigan Court Rule. 6.508(D). *See People v. Banks*, No. 314588 (Mich. Ct. App. Feb. 7, 2013). Petitioner applied for leave to appeal in the Michigan Supreme Court, but the state supreme court has not yet made a decision on his application.

Petitioner filed his habeas corpus petition through counsel on July 5, 2013. His grounds for relief, as stated in his supporting brief, are:

> I. Newly discovered evidence demonstrates Petitioner was denied due process where his conviction was based upon unreliable evidence that, by its nature, was unable to provide proof beyond reasonable doubt.
>
> II. Petitioner's no-contest plea based conviction was invalid and involuntary being the result of both ineffective assistance of counsel and a conflict of interest of defense counsel.
>
> III. The failure to set the plea aside prior to sentencing violates the Fourteenth Amendment due process protections.

Petitioner concedes that he has not exhausted state remedies for his first claim, as required by 28 U.S.C. § 2254(b)(1). He alleges, however, that he may be discharged from custody before the Michigan Supreme Court disposes of his pending application for leave to appeal. He fears that, if he is no longer "in custody" for purposes of 28 U.S.C. §§ 2241(c)(3) and 2254(a), he will lose his opportunity to obtain habeas corpus relief. For this reason, Petitioner seeks an order holding his habeas petition in abeyance for 270 days pending resolution of his application for leave to appeal in the Michigan Supreme Court.

## II.  DISCUSSION

District courts ordinarily have authority to issue stays when a stay would be a proper exercise of discretion.  *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  But records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner is on probation and that his maximum discharge date is June 16, 2014.  *See* http://mdocweb.state.mis.us/OTIS2/otis2profile.aspx?mdocNumber=795061.  Individuals on probation may be considered "in custody" under §§ 2241 and 2254.  *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989).  Furthermore, it does not appear that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) has begun to run.  Petitioner filed his motion for relief from judgment before his conviction became final, and the time during which a properly filed post-conviction motion is pending in state court does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).

To summarize, Petitioner has not exhausted state remedies for all his claims, the statute of limitations has not begun to run, and Petitioner is likely to be "in custody" for the next 270 days.  Under these circumstances, the Court does not believe it is an abuse of discretion to deny the stay.  A dismissal without prejudice is preferable to a stay and will not impair Petitioner's ability to obtain federal review of his claims.  Accordingly, the motion for a stay (Doc. No. 2) is **DENIED,** and the habeas corpus petition (Doc. No. 1) is summarily **DISMISSED**.

This dismissal is without prejudice to Petitioner's right to renew his claims in a motion to re-open this case following exhaustion of state remedies.  A motion to re-open these proceedings case should be filed in this case, using the case number that

appears on this order, and it should be filed within **sixty (60) days** of exhausting state remedies.

s/John Corbett O'Meara  
United States District Judge

Date: July 16, 2013

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 16, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
